PAUL J. DOMBECK, ESQ.
Arizona State Bar No. 022418
TATIANA M. FROES, ESQ.
Arizona State Bar No. 022447
THE LAW OFFICE OF PAUL J. DOMBECK, PLLC
18444 N. 25th Ave., Ste 420
Phoenix, AZ 85023
telephone (602) 648-2035
facsimile  1-866-648-2128
pdlaw@disabilityarizona.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Ashmore, | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| v. | ) |
| | ) |
| | ) **COMPLAINT** |
| | ) |
| Lincoln Life Assurance Company of Boston, f/k/a Liberty Life Assurance Company of Boston, | ) |
| | ) |
| Defendant, | ) |
| | ) |

Comes now the Plaintiff, Michelle Ashmore, and by her attorneys, Paul J. Dombeck and Tatiana M. Froes, and complaining against defendant, Lincoln Life Assurance Company of Boston, f/k/a Liberty Life Assurance Company of Boston, states:

**JURISDICTION AND VENUE**

I.

Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C.§§1132(e)(1) and 1132(f).  Those

provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans which, in this case, consists of group short term and long term disability benefit plans to employees of The Sundt Companies Inc. ("Sundt"), set forth as The Sundt Companies Inc. Group Disability Policy Short Term Disability and Long Term Disability Plan ("Plans" or "Plan(s)" or "Plan") administered and/or adjudicated by Lincoln Life Assurance Company of Boston, f/k/a Liberty Life Assurance Company of Boston ("Lincoln"), provided by Sundt to plaintiff Michelle Ashmore, one of its employees. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the District Court jurisdiction over actions that arise under the laws of the United States.

II.

The ERISA statute provides, at 29 U.S.C.§1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

III.

Venue is proper in the Phoenix District of Arizona. 29 U.S.C.§§1132(e)(2), 28 U.S.C. §1391, ERISA § 502(e), because the "breach" of the subject disability benefit Plans occurred in Maricopa County, Arizona, and because Defendant may be found in Maricopa County Arizona.

**NATURE OF ACTION**

IV.

This is a claim seeking an award to Plaintiff of disability income benefits pursuant to the afore-referenced subject Plans, said Plans designated in Plan Documents as Policy Number(s) not limited to GF3-860-067060-01, by Lincoln, providing group Short Term Disability ("STD") and Long Term Disability ("LTD") benefits to employees of Sundt; upon information and belief, said STD Plan is

administered by Sundt with claims adjudicated by Lincoln, and said LTD Plan is administered and adjudicated by Lincoln under group control numbers and/or policy numbers not limited to Policy Number(s) to GF3-860-067060-01 and Claim Number(s) 9520326 and 9311970. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA 29 U.S.C. §1132(a)(1)(B).

## THE PARTIES AND THE DISABILITY PLANS

V.

That the Plaintiff is a resident of the County of Maricopa, State of Arizona, and has been at all times hereinafter stated.

VI.

That the Plans, as described in the Plan(s) document(s), are, upon information and belief, welfare benefit plans providing, respectively, Group Short Term Disability and Group Long Term Disability for employees of Sundt.

VII.

That Plaintiff's Employer, Sundt, is a Plan fiduciary per Section 402(a) of ERISA, and upon information and belief, is a Tucson, Arizona corporation licensed to and doing business in Arizona, and further, Defendant Lincoln, is a Massachusetts corporation licensed to and doing business in Arizona.

VIII.

That Lincoln Life Assurance Company acquired Liberty Life Assurance Company of Boston on or about May 1, 2018 from Liberty Mutual Assurance Group, thereby assuming its predecessor's duties and obligations toward Plaintiff, and herein "Defendant" is inclusive of both Lincoln and its predecessor; and further that Lincoln is the STD and LTD Plans claims adjudicator and LTD Plan administrator for and/or maintains health care coverages that are funded through Policy Number(s) not limited to GF3-860-067060-01 and/or Claim Numbers 9520326 and 9311970, issued by Sundt and/or through affiliation by Lincoln and/or its predecessor; that claims upon

said coverages are in actuality functionally administered and/or adjudicated by Lincoln, and that Sundt was at all times relevant the employer of Plaintiff Michelle Ashmore.

IX.

That as claims adjudicator, defendant Lincoln reviews disability claims for the purpose of approving, adjusting, denying or issuing benefits, based upon information that Lincoln and Sundt generate.

X.

That the Plaintiff, as an employee of Sundt, was eligible for certain employee benefits, including disability plans and policies, as per the terms and conditions of the written Plans, as outlined on Summary Plan Description brochures and/or Group Benefit Plan documents offered to, disseminated amongst and granted to employees of Sundt, including but not limited to the benefits described as a Group Policy contract through Sundt, and to Michelle Ashmore as a subscriber to Policy Number(s) not limited to GF3-860-067060-01; and that the plaintiff elected and/or was provided buy-up options for STD and LTD benefits coverages paying 60% of monthly gross salary, and paid all premiums therefor as required.

XI.

At all times relevant hereto, the subject Plans constituted "employee welfare benefit plan(s)" as defined by 29 U.S.C. §1002(1); and incident to her employment, plaintiff Michelle Ashmore received coverage(s) under the Plan(s) as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plans.

XII.

On or about October 19, 1994, Ms. Michelle Ashmore initially began working for Sundt Construction, in Tucson, Arizona, and held various secretarial-type job titles at the light to sedentary exertional levels, including as a corporate secretary to general counsel since approximately August of 2014; a position which required her

to work at the highest level of acuity to manage and maintain corporate records, articles of incorporation, including by-laws; and with duties which included activities to support the company's strategic planning, preparing corporate meetings, taking minutes and have the ability to sustain and manage work in a fast paced environment.

**STATEMENT OF FACTS**

XIII.

At all appropriate times, Michelle Ashmore was a full-time employee of Sundt, and she was actively employed at Sundt until on our about August 22, 2019 when she ceased working because of severe nutrient malabsorption compromise and severe and chronic diarrhea, directly following and/or as a result of a complete surgical removal of her stomach (total gastrectomy). From August 22, 2019 until the present Michelle Ashmore has not engaged in any substantial gainful activity.

XIV.

On or around August 22, 2019, and while still maintaining status as a Sundt employee, Plaintiff Michelle Ashmore made a timely application under the applicable Short Term Disability (STD) Plan, under claim and/or reference number(s) not limited to 9311970, maintaining that on or about August 22, 2019, she met the subject STD Plan's definitions of disability on account of medical conditions which rendered her unable to perform all the material and substantial duties of her own occupation because of injury or sickness; Upon information and belief Lincoln//Sundt ultimately paid the plaintiff most or all of the maximum allowable STD claim under the terms of the STD Plan while the claim process transitioned to the LTD application and claim for LTD benefits.

XV.

Said medical conditions were notably post-surgical malabsorption and chronic diarrhea with frequent fecal incontinence accidents, additionally causing

and/or resulting in marked fatigue, nausea, vomiting, dizziness and weakness in addition to memory and concentration deficits, bile reflux and diminished sleep. These symptoms, for which the plaintiff received medical treatment, and the functional restrictions flowing therefrom, could not be cured, diminished nor alleviated to a degree permitting her to competitively sustain or continue employment, wherein the plaintiff presented medical evidence to support her claims for LTD benefits, certifying her conditions, restrictions and limitations.

XVI.

Specifically, and contemporaneously with the exhaustion of the term of the afore-referenced STD benefits, the plaintiff completed and Lincoln Life accepted a timely application from Plaintiff for the subject Plans' LTD benefits. Based upon the plaintiff's LTD benefits application and supporting evidence, Lincoln eventually paid the plaintiff LTD benefits from November 21, 2019 through February 20, 2020, stating a reservation of rights, and denying any LTD benefits beyond this three-month period.

XVII.

The subject LTD Plan for the first 24 months of benefits coverage defines disability under an "Own-Occupation" definition, providing in pertinent part that: *"...the covered person, as a result of injury or sickness, is unable to perform the material and substantial duties of his/her own occupation";* and then narrows following the twenty fourth (24th) month of benefits to require that the claimant *"is unable to perform with reasonable continuity, the material and substantial duties of any occupation".*

XVIII.

During Lincoln's review of Plaintiff Michelle Ashmore's initial LTD benefits claim application under the LTD Plan's applicable "own occupation" disability period, Lincoln, retained 'paper-review' medical consultants to review the Plaintiff's medical records and produce consultative opinions, pursuant to which, without ever physically examining nor otherwise meeting the plaintiff, said consultants opined that

6

the plaintiff essentially had, in their view, not provided sufficient diagnostic and functional evidence, and in their view could hence sustain full-time and/or competitive work, pursuant to which, in turn, Lincoln, in a letter dated February 6 2020, denied Plaintiff Michelle Ashmore's LTD claim.

XIX.

On or about November 30, 2020, following Covid-19 related delays with appeal extensions authorized by Lincoln, Plaintiff Michelle Ashmore submitted to Defendant Lincoln, in accordance with 29 U.S.C. § 1133, an administrative appeal of the February 6, 2020 denial of her LTD benefits.  In support of this appeal, Plaintiff Ashmore submitted new and/or additional diagnostic, functional, vocational and other evidence from treating and examining physicians and sources, demonstrating that her chronic diarrhea and its gastrointestinal and co-morbid sequella were substantially caused by and directly followed the surgical removal of her stomach, and that those conditions and their functional sequella had, at all times pertinent to the subject claims, precluded her from performing not only her own occupation, but also any other occupations, and thereby that at all relevant times she had met and continued to meet the Plan(s)' 'own occupation' and 'any occupation' operative disability definitions.

XX.

In her November 30, 2020 appeal the Plaintiff also specifically advised and explained to Lincoln that it was apparent that Lincoln, by and/or through its consultants, had distorted the accounts of alleged conversations with Plaintiff's treating physicians and failed to credit evidence of severe restrictions of functional limitation, pursuant to which the plaintiff requested that Lincoln reverse the February 6, 2020 denial and instate//reinstate the subject benefits.

XXI.

Following the plaintiff's November 30, 2020 appeal of the February 6, 2020 denial, Lincoln ordered additional and/or addendum opinions from Lincoln's

7

paper-review consultants, who essentially continued to opine that the plaintiff could sustain full-time and/or otherwise competitive work.

XXII.

Specifically, on or about February 1, 2021, Lincoln forwarded to Plaintiff reports by Lincoln's paper-reviewer' consultants (Drs. Acenas, Danzig and Schwartz) that in analysis, opinion and/or conclusion did not acknowledge the plaintiff's severe chronic diarrhea, and that did not recognize, credit nor otherwise acknowledge that the plaintiff's severe chronic diarrhea and other and/or associated conditions closely followed the complete surgical removal of her stomach, and that those conditions severely diminished her gastrointestinal and related function, but instead speculated that anxiety and an Irritable Bowel Syndrome (IBS) must be the cause of the plaintiff's gastrointestinal condition(s) and their sequella.

XXIII.

Hence at her additional time and expense, on or about April 13, 2021, the plaintiff transmitted to defendant Lincoln yet more medical consultative opinions confirming her diagnosis, as well as evidence showing that a new feeding tube treatment option newly explored by her physicians had not or could not provide any relief of her symptoms and/or overall functionality. In the same response, the Plaintiff again advised Lincoln that Lincoln's paper-review consultants had unreasonably failed to acknowledge conditions and diagnoses that at all times pertinent to the subject claims had preclusively diminished the plaintiff's ability to work, including but not limited to embarrassing and protracted fecal incontinence accidents, frequent vomiting, and mal-absorption of essential nutrients, pursuant to which the plaintiff again requested that Lincoln reverse the February 6, 2020 denial and reinstate the subject benefits.

XXIV.

In response to all of the plaintiff's afore-referenced evidence and arguments, on or around June 4, 2021, and based substantially upon the opinions

and conclusions of Lincoln's afore-referenced paper-review consultants, Defendant Lincoln issued a 'final denial' of Plaintiff Michelle Ashmore's subject disability claims, advising her that her only remaining appeal recourse was to bring an action in Federal Court pursuant to the Employee Retirement Income Security Act (ERISA).

XXV.

Since August 22, 2019, Michelle Ashmore has been "totally disabled" as such terms are defined in the subject Plans, inclusive of any waiting and/or elimination periods, and has remained under continuous medical care by physicians.

XXVI.

As a result of the issuance of the final June 4, 2021 denial, all administrative remedies have been exhausted, and this matter is ripe for judicial review.

XXVII.

That the plaintiff requests the Court declare the rights and legal obligations of the parties and declare that the Long Term Disability Plan constitutes a binding and enforceable agreement; that the plaintiff prays for full relief for accumulated and accumulating monthly benefits and interest through the conclusion of litigation.

XXVIII.

That this litigation is timely brought having followed within appropriate and/or applicable time limitations the defendant's final denial and resultant exhaustion of administrative remedies, and is appropriate for a Federal District Court deciding Short Term and Long Term Disability issues per Section 502(a)(1)(B) of ERISA.

Claim for Benefits Under ERISA

XXIX.

Defendant Lincoln abused its discretion because its decisions denying

the plaintiff's disability benefits were arbitrary and capricious and have no rational support in the evidence, and were caused by or influenced by Lincoln's retained consultants' financial conflicts of interest and also by Lincoln's and/or the Plan' own inherent financial conflict(s) of interest that arise from Policyholder Sundt's and/or the Plan's grant of discretion to Defendant Lincoln to determine eligibility for benefits and interpret terms and provisions of the Policy.  These conflicts of interest have undermined the full and fair review required by ERISA, 29 U.S.C. 1133(2) and 29 C.F.R. §2560.503-1(g)(1) and (h)(2).

XXX.

Under the *de novo* standard of review, Lincoln's decisions were erroneous, contrary to the Plan's terms, and contrary to the medical, functional and vocational evidence.

XXXI.

Upon information and belief, Lincoln, the Plan(s), and paper-review consultants and/or other consultants who evaluated the plaintiff's symptoms and conditions and limitations, also suffer(ed) from financial conflicts of interest and bias, all of which has precluded a full and fair review of the plaintiff's claim.

XXXII.

As a rationale for denying benefits, Defendant Lincoln has improperly favored the defective and/or erroneous conclusions of Lincoln's retained consultants over the conclusions of treating physicians; specifically that in reaching their conclusions, Lincoln's consultants failed to properly, substantially and/or meaningfully consider and/or credit the plaintiff's medical and functional signs, symptoms, impairments and limitations.

XXXIII.

That the defendant's consultants' opinions are so conclusory,

unsubstantiated and against the weight of the evidence as to indicate that said consultants were improperly influenced by Lincoln to support a benefits denial and/or that said consultants had a financial interest in supporting the claim denial in order to ensure repeat business, which infected the claims process and constitutes a procedural irregularity under ERISA that denied the plaintiff the full and fair review to which she is entitled.

XXXIV.

That the plaintiff is entitled to discovery regarding the effects of the procedural irregularities evidencing conflicts of interest that occurred during the claims handling process and also regarding the effects of Lincoln's consultants and Lincoln's and/or the subject Plan's financial conflicts of interest upon the claim denials.

XXXV.

That the plaintiff has been injured and has suffered damages in the form of lost STD and/or LTD benefits as a result of the defendant's wrongful actions and decision to deny the plaintiff disability benefits.

XXXVI.

Pursuant to ERISA, 29 U.S.C. § 1132, the plaintiff is entitled to recover unpaid disability benefits, prejudgment interest, reasonable attorney's fees, and costs from Defendant and/or is entitled to an order enforcing her right to disability benefits under the subject STD//LTD plans.

XXXVII.

As a direct and proximate result thereof, based upon the evidence submitted by Plaintiff to Defendant establishing that Plaintiff has met the STD//LTD Plans' requisite disability definitions continuously since August 22, 2019, Plaintiff is entitled to the subject monthly disability benefit payments retroactive to February 20,

11

2020 when Lincoln denied further and/or ongoing LTD benefits.

XXXVIII.

The plaintiff has further been injured and suffered damages by losing other benefits to which she may have been entitled under her employer's ERISA-governed benefits plans.

XXXIX.

Upon information and belief, the subject Plan also contains a waiver of premium benefit on certain life insurance benefits and policies to which the plaintiff is entitled, if disabled, as alleged in the causes of action heretofore, and that in connection with the denial of the subject LTD benefits, the plaintiff was notified that she no longer met eligibility requirements for said premium waiver, and therefore has already lost or soon will lose the substantial ERISA benefit of said life insurance policies.

XXXX.

That the Defendant Lincoln, the Plans and Employer Sundt, stand as fiduciaries to one another and to the plaintiff, and each has the power to bind the other, as agents.

XXXXI.

That the actions of Defendant are a breach of contractual and/or fiduciary duties inuring to the subject Plan pursuant to the requirements of 29 U.S.C. §502(a)(1)(B).

XXXXII.

That the defendant's actions are an unwarranted breach of the subject Long Term Disability Plan, representations by Plan(s)' documents, ERISA, and the contract(s) of insurance, and have caused and continue to cause the plaintiff great financial hardship, and that the plaintiff meets the subject and requisite disability

definition(s) and provisions of the "own" occupation and/or "any" occupation policy provisions of the subject STD//LTD Plans, with special essential duties and hourly provisions.

XXXXIII.

That the plaintiff's damages are at least $109,643.04 to date and accumulating, currently calculated under the subject STD//LTD Plans as $6,091.28 (60% of a $10,152.13 gross monthly salary), multiplied by the approximate 18 months elapsed since February 20, 2020, the date after which Defendant Lincoln denied further benefit payments.

WHEREFORE, the Plaintiff Michelle Ashmore prays judgment as follows:

A. For a judgment for benefits and an Order that such benefits continue, per applicable ERISA provisions, including 29 U.S.C. § 1132(g)(2).

B. For $6,091.28 per month for LTD benefits from February 20, 2020 and ongoing, through judgment and post-judgment as appropriate, and all monthly payments and accumulated interest due from day of judgment.

C. For declaratory judgment granting Plaintiff all rights and benefits under the written Policies/Plans, and to award the plaintiff a money judgment for all sums due and owing with interest from time of breach; and/or an order enforcing the plaintiff's right to benefits under the subject Plans;

D. For all other damages as may be just and proper under Arizona State law or developing ERISA and/or other Federal case and statutory law.

E. For attorney fees, pursuant to ERISA, see 29 USC § 1132(g)(1).

F. For appropriate relief under 29 USC § 502(a)(1)(B), to redress such violations, or to enforce any provision of this title or the terms of the Plans.

G. For reimbursement for any funds paid by Plaintiff or due the plaintiff for the

continuation of life insurance policies as an employee benefit dependent upon STD//LTD-eligibility on behalf of the plaintiff and any dependents, and, in the eventuality of Plaintiff's death during the pendency of this litigation, to full payment on all policies to the named beneficiaries.

H. For costs and disbursements of this action and interest on all sums owed until payment.

DATED this 2nd day of September 2021.

THE LAW OFFICE OF PAUL J. DOMBECK, PLLC

By  s/  Paul J. Dombeck

PAUL J. DOMBECK, ESQ.
18444 North 25th Avenue, Ste 420
Phoenix, Arizona  85023
Attorney for Plaintiff

By  s/ Tatiana M. Froes

TATIANA M FROES, ESQ.
18444 North 25th Avenue, Ste 420
Phoenix, Arizona  85023
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2021 I electronically transmitted the attached documents to the Court Clerk's Office using the CM/ECF System for filing and transmittal of a Parties' Civil Coversheet, Summons and Complaint.

s/ Paul J. Dombeck
Paul J. Dombeck